# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| BETH TAYLOR, | * | |
| N/F of K.S., a Minor, | * | No. 16-1382V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| v. | * | |
| | * | Filed: October 30, 2017 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees and costs; subject |
| | * | matter jurisdiction; capacity to file |
| Respondent. | * | petition for minor; reasonable basis |
| * * * * * * * * * * * * * * * * * * * * | | |

<u>Scott W. Rooney</u>, Nemes, Rooney P.C., Farmington Hills, MI, for petitioner;
<u>Adriana R. Teitel</u>, United States Dep't of Justice, Washington, DC, for respondent.

**DECISION DENYING MOTION FOR ATTORNEYS' FEES AND COSTS**[1]

      Attorney Scott Rooney requests that he be compensated for work he performed in this case. The person for whom Mr. Rooney performed this work is not entirely clear, as discussed below. Because of the uncertainty of the petitioner's legal relationship to the allegedly injured minor (K.S.), the Secretary argues that a lack of subject matter jurisdiction precludes an award of attorneys' fees and costs. This argument is not persuasive. Separately, the Secretary also opposes an award of attorneys' fees and costs due to a lack of reasonable basis. This point, which Mr. Rooney has not addressed, is meritorious. Thus, the motion is DENIED.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

I.     **Background**

A critical event happened on August 29, 2012. On that date, a Michigan state court ordered that Nathan Silva have sole legal and physical custody of the daughters he shared with Beth (Silva) Taylor. Exhibit 7. One of those girls is K.S., the person who was allegedly harmed by a vaccine administered on October 25, 2013.[2]

Approximately five months after the vaccinations, Mr. Rooney's assistant prepared a letter identified as "Silva." Timesheets.[3] Mr. Rooney stated that Mr. Silva originally retained him by oral agreement. Fees Mot. ¶ 2. Over the next two years, Mr. Rooney and an assistant worked on the case, primarily gathering medical records, sporadically. Months passed without any work being recorded on the timesheets. On September 28, 2016, Mr. Rooney spoke via telephone with Beth Taylor, whom Mr. Rooney identified as "mother of child client." Timesheets.

On October 24, 2016, Mr. Rooney filed a petition alleging K.S. was injured by a vaccination. The caption of the petition and paragraph 4 of the petition identify Ms. Taylor as "next friend" of K.S.

By January 2017, Ms. Taylor informed Mr. Rooney that she did not want to pursue this claim. Fees Mot. ¶ 9; see also id. at ¶ 11 (recounting similar communication with Ms. Taylor in December 2016). With this information, Mr. Rooney filed a motion to withdraw as counsel. Mr. Rooney's motion explained Ms. Taylor told him that Mr. Silva "now has legal custody of K.S. and he wishes to retain another attorney." Mot. to Withdraw as Counsel, filed Feb. 14, 2017, ¶ 6. In response, Mr. Rooney was instructed to file relevant custody documents. Order, issued Feb. 23, 2017.

On March 17, 2017, Mr. Rooney filed the 2012 Custody Order as exhibit 7. Because this order indicated that Mr. Silva, not Ms. Taylor, was the custodial parent of KS, the petitioner was instructed to address certain questions regarding the authority to prosecute actions on behalf of a minor. Order, issued March 20, 2017.

---

[2] The petition also states that K.S. received a vaccination on November 22, 2013, but the filed immunization records do not show that a vaccination occurred on that date. Pet. at 2; exhibit 2 at 1 (only listing vaccinations administered on October 25, 2013).

[3] The timesheets are found as exhibit 1 to the Mot. for Attorneys' Fees and Costs, filed July 13, 2017 (Fees Mot.).

Under a caption continuing to identify the petitioner as Beth Taylor as the K.S.'s best friend, Mr. Rooney filed a status report on March 24, 2017. In this status report, Mr. Rooney stated that Mr. Silva requested withdrawal of the case.

Then, on April 14, 2017, Mr. Rooney filed another status report, indicating that both Mr. Silva and Ms. Taylor requested withdrawal. In the April 14, 2017 status report, Mr. Rooney identified Rule 2.201(E)(1)(b) of the Michigan Rules of Court (MCR) as authorizing Ms. Taylor to prosecute this action. This provision provides: "If a minor or incompetent person does not have a conservator to represent the person as plaintiff, the court shall appoint a competent and responsible person to appear as next friend on his or her behalf, and the next friend is responsible for the costs of the action." However, Mr. Rooney acknowledged that a court has not appointed Ms. Taylor as K.S.'s best friend and Ms. Taylor did not sign a form to act as K.S.'s best friend.

Having learned about the 2012 Custody Order, the Secretary filed a motion to dismiss the case on April 24, 2017. The Secretary essentially argued that a non-custodial parent does not automatically qualify as the "legal representative" of a minor under section 11(b)(1)(A) of the Vaccine Act. The Secretary concluded: "Because Ms. Taylor was not recognized as a legal guardian of K.S. under Michigan law at the time the petition in this case was filed, she cannot be deemed a 'legal representative' of K.S. as the term is used in § 11(b(1)(A) of the Vaccine Act and thus lacked standing to file the petition. Therefore, this vaccine injury claim must be dismissed on jurisdictional grounds." Resp't's Mot. to Dismiss, filed Apr. 24, 2017, at 4.

The undersigned issued an order concluding proceedings on May 30, 2017. The undersigned expressly refrained from resolving the question of subject matter jurisdiction, noting that the parties could address that issue if a motion for attorneys' fees and costs were filed.

Mr. Rooney filed such a motion on July 13, 2017. Mr. Rooney emphasized his desire to protect the interest of K.S. He stated:

> Petitioner's counsel believes that the acts of Petitioner's counsel in trying to ensure that the rights of the minor child were protected in light of a statute of limitations issue, that Petitioner's counsel should be entitled to attorney fees and costs as Petitioner's counsel's efforts undertaken, in order to protect the

rights of the minor child, which were not properly being protected by the parents of the minor child.

Fees Mot. ¶ 14. In addition to preserving K.S.'s vaccine claim, Mr. Rooney suggests that by filing the vaccine petition he may have also preserved K.S.'s state product liability claim. Id. at ¶ 16. Mr. Rooney further emphasized the oral representations from Ms. Taylor and Mr. Silva:

> Petitioner's counsel believes that the actions of Petitioner's counsel, in an effort to adequately protect the rights of the minor child, should outweigh whether or not a retainer agreement had been signed and whether Beth Taylor had had legal custody of the minor child, as representations had been consistently made that Beth Taylor was authorized to act on behalf of the minor child. Additionally, the father Nathan verbally stated that he authorized Beth to act on the behalf of K.S. There is nothing that prevents the custodial parents from authorizing another to act on behalf of the child as was done in this case.

Id. at ¶ 19.

The Secretary opposed the motion with two arguments. First, the Secretary incorporated her April 24, 2017 arguments that subject matter jurisdiction was lacking. Second, the Secretary contended that the case lacked reasonable basis.

Mr. Rooney filed a reply on September 15, 2017. He addressed the Secretary's arguments regarding subject matter jurisdiction.[4] But, he left unaddressed the Secretary's arguments regarding reasonable basis.

## II.  Analysis

The Secretary is opposing Mr. Rooney's motion for an award of attorneys' fees and costs for two reasons. First, the Secretary argues subject matter jurisdiction is lacking. Second, the Secretary contends that the petition was not supported by a reasonable basis. These arguments are considered in turn.

---

[4] As discussed below, Mr. Rooney's September 15, 2017 reply cited new authority to support subject matter jurisdiction. Considering that Mr. Rooney was aware of the Secretary's arguments regarding subject matter jurisdiction since the April 24, 2017 motion to dismiss and that Mr. Rooney was directed to address subject matter jurisdiction in the May 30, 2017 order concluding proceedings, the better practice would have been to include these arguments in the initial motion.

4

Subject Matter Jurisdiction

"Every federal court has the responsibility to determine whether it, as well any tribunal it is reviewing, has jurisdiction." Martin v. Sec'y of Health & Human Servs., 62 F.3d 1403, 1406 (Fed. Cir. 1995). The Secretary has challenged the subject matter jurisdiction by presenting an argument with two steps. First, the Secretary maintains that "Ms. Taylor cannot be considered a legal representative of K.S. for purposes of the Vaccine Act." Resp't's Mot. to Dismiss, filed Apr. 24, 2017, at 3. Second, when the wrong person files a petition, a court lacks subject matter jurisdiction. On the first step, the Secretary may or may not be correct. Resolution of this issue is not required because on the second step, the Secretary is mistaken.

Whether a non-custodial parent may automatically file a lawsuit for her (or his) minor child is not entirely clear. In section 11(b), which is captioned "Petitioners," the Vaccine Act states "the legal representative of . . . a minor" may file a petition. 42 U.S.C. § 300aa-11(b)(1)(A). The Vaccine Act defines "legal representative" as "a parent or an individual who qualifies as a legal guardian under State law." 42 U.S.C. § 300aa-33(2).

The question is does the clause "who qualifies as a legal guardian under State law" modify the term "parent?" The Secretary maintains that "the phrase 'who qualifies as a legal guardian under State law' applies to both 'parent' and 'individual.' A 'legal representative' under the Act is thus properly defined as 'a parent who qualifies as a legal guardian under State law' or 'an individual who qualifies as a legal guardian under State law.'" Resp't's Mot. to Dismiss at 1-2.

However, one judge of the Court of Federal Claims disagreed with this position. Relying upon the "last antecedent rule," the Court stated "parents are always viewed as the legal guardians of a son or daughter, whether or not they also qualify as such under state law." Kennedy v. Sec'y of Health & Human Servs., 99 Fed. Cl. 535, 542 (2011), aff'd without op., 485 F. App'x 435 (Fed. Cir. 2012). Kennedy, however, recognized that "the statutory language here is hardly a picture of clarity." Id.; accord Spates v. Sec'y of Health & Human Servs., 76 Fed. Cl. 678, 681 n.1 (2007) (recognizing an ambiguity in "whether a parent is a legal representative per se, irrespective of state law, or whether a parent must simultaneously qualify as a legal guardian under state law to be a legal representative under the Act").

The Secretary did not directly address <u>Kennedy</u>, which Mr. Rooney did not cite until his September 15, 2017 reply.  Absent a more detailed analysis of the statute and <u>Kennedy</u> from the parties, the undersigned sees little need to delve deeply into exploring whether non-custodial parents are automatically legal representatives of their children.

Analyzing the rights of non-custodial parents is not required because even if Ms. Taylor could not function as the legal representative of K.S., the Secretary's proposed consequence — a dismissal for lack of subject matter jurisdiction — is not correct.  An improper petitioner does not require a dismissal for lack of subject matter jurisdiction.

The final two sentences of the Secretary's motion to dismiss reveal the gap in the Secretary's reasoning.

> Because Ms. Taylor was not recognized as a legal guardian of K.S. under Michigan law at the time the petition in this case was filed, she cannot be deemed a "legal representative" of K.S. as the term is used in § 11(b)(1)(A) of the Vaccine Act and thus lacked standing to file the petition. Therefore, this vaccine injury claim must be dismissed on jurisdictional grounds.

Resp't's Mot. to Dismiss at 4.  "Thus" and "therefore" do not replace substantive legal analysis.

The Secretary seems to overlook <u>Cloer v. Sec'y of Health & Human Servs.</u>, 654 F.3d 1322 (Fed. Cir. 2011) (en banc).  Before <u>Cloer</u>, the Federal Circuit held the Vaccine Act's statute of limitation was an aspect of subject matter jurisdiction. <u>Brice v. Sec'y of Health & Human Servs.</u>, 240 F.3d 1367 (Fed. Cir. 2001). However, the en banc Federal Circuit overruled <u>Brice</u>, making a failure to file within the statute of limitations a defense subject to equitable tolling, but not a jurisdictional limitation.  <u>Cloer</u>, 654 F.3d at 1340-44.  In doing so, the Federal Circuit cited and distinguished <u>Martin</u>.  <u>Id.</u> at 1341 n.9.  Thus, <u>Cloer</u> demonstrates that some defenses are jurisdictional and some defenses are not.  The ensuing question — one the parties largely skip past — is on what side of the jurisdictional line does an improper petitioner fall?

The answer is found in Rule 17 of the Rules of the Court of Federal Claims. Although this rule is not part of the Vaccine Rules, special masters may rely upon it.  <u>Hodge v. Sec'y of Health & Human Servs.</u>, No. 09-453V, 2015 WL 9685916, at *5-6 (Fed. Cl. Spec. Mstr. Dec. 21, 2015) (citing <u>Kennedy</u>, 99 Fed. Cl. at 542).

6

Rule 17 directs a court to appoint a guardian ad litem to protect a minor who is unrepresented in an action. The way Rule 17 authorizes a court to take remedial measures contradicts the Secretary's assertion that problems with the identification of parties is jurisdictional because the solution to a jurisdictional problem is to dismiss the action. See Strategic Housing Financing Corp. of Travis County v. United States, 608 F.3d 1317, 1332 (Fed. Cir. 2010) (noting that when the Court of Federal Claims lacks subject matter jurisdiction, it should not have analyzed the agency's actions under the Administrative Procedure Act); Johns-Manville Corp. v. United States, 893 F.2d 324, 327 (Fed. Cir. 1989) ("where the court has no jurisdiction, it has no power to do anything but strike the case from its docket"). When other courts have considered the analogous provision of the Federal Rules of Civil Procedure, they have reached a similar conclusion. See, e.g., Summers v. Interstate Tractor & Equip. Co., 466 F.2d 42, 50 (9th Cir. 1972) (stating "The question of a litigant's capacity or right to sue or to be sued generally does not affect the subject matter jurisdiction of the district court"); 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1559 (3d ed. 2008).

For these reasons, this court possesses subject matter jurisdiction over Ms. Taylor's petition.

### Reasonable Basis

Finding subject matter jurisdiction is a condition for the undersigned to act upon Mr. Rooney's motion for an award of attorneys' fees and costs. To be granted these fees and costs, a petitioner must also meet the eligibility requirements set forth in the Vaccine Act. Here, as an unsuccessful petitioner, Ms. Taylor bears the burden of showing that "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1).

Here, while the Secretary has not presented any argument regarding good faith, the Secretary challenges whether "there was a reasonable basis for the claim for which the petition was brought." See Resp't's Resp. to Mot. for Attorneys' Fees and Costs, filed July 31, 2017. This objection requires an analysis of the petition.

Relevant allegations in the petition include the following, which are paraphrased:

  1.  Petitioner, Beth Taylor, is the mother of K.S. and is acting as K.S.'s next friend.

  3.  On October 25, 2013, K.S. received the human papillomavirus vaccine, the hepatitis A vaccine, the influenza vaccine, the meningococcal vaccine, and tetanus-diphtheria-acellular pertussis vaccine.  Exhibit 2 supports this allegation.

  11. During an examination on November 1, 2013, K.S. informed her doctor that she had an upper respiratory infection three weeks earlier.  Exhibit 4 at 32 supports this allegation.

  12.  The test results from blood drawn on November 1, 2013 showed that K.S. had very low platelets leading the doctors to diagnose and to treat K.S. for idiopathic thrombocytopenia purpura (ITP).  Exhibit 4 at 34 and exhibit 3 at 13 support this allegation.

  16. On November 7, 2013, K.S. was discharged from DeVos Children's Hospital with a diagnosis of ITP.  Exhibit 5 at 84 supports this allegation.

  20. K.S. continues to suffer from a reaction to the vaccinations.

  21. The vaccinations caused K.S. to suffer ITP.

  22.  K.S. "has experienced the residual effects of these injuries for more than six months."

The Secretary points to gaps in the evidence.  For example, the Secretary asserted that the most recent medical record is from January 2014, which is approximately three months after K.S. was vaccinated and approximately two months after she was discharged.  Resp't's Resp. at 2-3.

Although Mr. Rooney filed a reply, he did not address the Secretary's argument regarding reasonable basis.  The undersigned's review of the record has not identified any medical records created after January 2014.  This apparent lack of medical record leaves questions unanswered because the timesheets show that Mr. Rooney and his assistant began obtaining medical records in 2014.  Mr. Rooney has not identified any basis, reasonable or otherwise, for the assertions that

K.S. continues to suffer from ITP and that K.S.'s injury lasted more than 6 months.[5] See Vaccine Rule 8(f)(1).

In addition to noting the lack of evidentiary support for the allegation that K.S. injuries lasted more than six months, the Secretary raises questions about the assertion that the vaccinations caused K.S.'s ITP. The Secretary notes that the petitioner did not submit a report from a separately retained expert.

Once again, the lack of reply from Mr. Rooney regarding reasonable basis hinders the analysis. The Secretary's observation that petitioner did not file any expert report is easy to confirm. However, a petitioner may establish causation by relying upon "medical records or medical opinion." 42 U.S.C. § 300aa-13(a)(1). Here, the undersigned has not identified any "medical record" supporting causation. At best, Dr. Green, a pediatrician, stated "ITP question if secondary to coadministration of influenza and HPV." Exhibit 3 at 12. This record, which raises a "question," is not tantamount to a "medical opinion" supporting the claim in the petition. The undersigned has not found any other record potentially supporting the claim and Mr. Rooney has not directed the undersigned's attention to any other medical record.

Finally, Ms. Taylor's alleged status as K.S.'s "next friend" was not supported with evidence. MCR 2.201 establishes a procedure by which a court could appoint someone to act as a minor's next friend. This person could be a non-custodial parent. However, Mr. Rooney forthrightly recognizes that Ms. Taylor did not take advantage of this provision.

Mr. Rooney's timesheets contain no indication that he actively investigated whether Mr. Silva or Ms. Taylor could act as a legal representative of K.S. before Mr. Rooney filed the petition. This omission is troubling because the issue is one that an attorney should be capable of investigating, if not actually resolving. Mr. Rooney had many months to obtain the 2012 Custody Order. Mr. Rooney could have recommended that Ms. Taylor become K.S.'s next friend using MCR 2.201. Until Mr. Rooney was on much firmer footing in identifying who his client was, Mr. Rooney should not have taken further steps in prosecuting the lawsuit.

---

[5] An injury lasting more than six months is one of three ways to demonstrate the severity requirement. See 42 U.S.C. § 300aa-11(c)(1)(D). Another way is to demonstrate an "inpatient hospitalization and surgical intervention." The petition alleges that K.S. underwent a bone marrow biopsy while hospitalized. Pet. ¶ 17. However, the petition does not allege that a bone marrow biopsy constitutes a surgical intervention.

All these factors contribute to the totality of circumstances, sometimes used to evaluate reasonable basis. Based upon this material and the undersigned's experience, the undersigned finds that there was not a reasonable basis for the claims set forth in the petition. This finding means that the undersigned may not award attorneys' fees and costs.

### III.    Conclusion

The person (or people) authorized to file a petition on behalf of K.S. remains unsettled and Mr. Rooney's lack of investigation about this point before filing the petition is troubling. However, a problem with respect to authority to file on behalf of another, if it exists, is not a deficit with respect to subject matter jurisdiction. Thus, the undersigned could award attorneys' fees and costs if Mr. Rooney established other eligibility requirements.

Mr. Rooney did not establish one of the statutory elements for awarding attorneys' fees and costs to non-prevailing petitioners: reasonable basis. In the absence of such a finding, the undersigned may not award attorneys' fees and costs. Thus, the July 13, 2017 motion for attorneys' fees and costs is DENIED.

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran  
Christian J. Moran  
Special Master